UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HEALTHCARE ASSOCIATION OF NEW
YORK STATE, et al.,

                                           Plaintiffs,

      -v.-                                            1:03-CV-0413 (NPM)

DAVID A. PATERSON, Governor of the
State of New York; ANDREW M. CUOMO,
Attorney General of the State of New York;
and M. PATRICIA SMITH, Commissioner
of Labor of the State of New York,

                                           Defendants[1].

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| O'CONNELL & ARONOWITZ<br>*Attorneys for Plaintiffs*<br>54 State Street<br>Albany, NY 12207-2501 | JEFFREY J. SHERRIN<br>JAMES A. SHANNON |
| HON. ANDREW M. CUOMO,<br> Attorney General for the State of<br> New York<br>*Attorney for Defendants*<br>The Capitol<br>Albany, NY 12224 | STEPHEN M. KERWIN<br>Assistant Attorney General |
| 120 Broadway<br>New York, NY 10271 | SETH KUPFERBERG<br>Assistant Attorney General |

---

[1] Pursuant to Fed. R. Civ. P. 25(d), these defendants are substituted for George E. Pataki, Eliot Spitzer and Linda Angello, respectively.

| | |
|---|---|
| NATIONAL LABOR RELATIONS<br> BOARD<br>*Amicus*<br>Leo W. O'Brien Fed. Bldg. Rm. 342<br>Clinton Avenue and North Pearl Street<br>Albany, NY 12207 | GREGORY C. LEHMAN<br> Field Attorney |
| CHAMBER OF COMMERCE OF THE<br> UNITED STATES OF AMERICA<br>JONES DAY<br>*Amicus*<br>222 East 41st Street<br>New York, NY 10017 | WILLIS J. GOLDSMITH |

Neal P. McCurn, Senior District Judge

### *ORDER*

Presently before the court is a mandate from the Court of Appeals for the Second Circuit reversing this court's May 17, 2005 Memorandum, Decision and Order granting plaintiffs' motion for summary judgment. See Healthcare Ass'n of New York State v. Pataki, 388 F.Supp.2d 6 (N.D.N.Y. 2005). Finding material issues of fact, the Second Circuit remanded this action for further proceedings consistent with its opinion. See Healthcare Ass'n of New York State v. Pataki, 471 F.3d 87 (2d Cir. 2006). Subsequently, the United States Supreme Court issued an opinion in a similar action originally brought in the Ninth Circuit. See Chamber of Commerce of the United States v. Brown, 128 S.Ct. 2408 (2008). Accordingly, the parties were directed to brief the impact of said opinion on this action. In addition, the court allowed briefing from *amici curiae* National Labor Relations Board ("NLRB") and Chamber of Commerce of the United States of America ("Chamber of Commerce").

Defendants argue that Brown does not disturb the Second Circuit's holding in Healthcare Association which therefore remains binding on this court. Conversely, plaintiffs as well as *amici* Chamber of Commerce and NLRB argue that Brown

2

unquestionably invalidates the basis for the Second Circuit's holding.  Plaintiffs ask that defendants be directed to file an answer and plaintiffs be allowed to submit a new motion for summary judgment.

Generally, under the law of the case doctrine, a district court "may not deviate from a mandate issued by an appellate court, and the appellate court retains the right to control the actions of the district court where the mandate has been misconstrued or has not been given full effect."  Am. Hotel Int'l Group, Inc. v. OneBeacon Ins. Co., No. 09-2627-cv, 2010 WL 8899261, at *2 (2d Cir. Mar. 12, 2010) (quoting In re Ivan F. Boesky Sec. Litig., 957 F.2d 65, 69 (2d Cir. 1992).  However, "a district court is not bound by the mandate of the Court of Appeals if the Supreme Court has subsequently changed or clarified the relevant law."  Wilson v. Great Am. Indus., Inc., 770 F.Supp. 85, 89 (N.D.N.Y. 1991) (citing Banco Nacional de Cuba v. Farr, 383 F.2d 166, 178 (2d Cir. 1967), cert. denied, 390 U.S. 956, 88 S.Ct. 1038 (1968)).

Having reviewed the relevant caselaw as well as the extensive briefing on the issues, the court concludes that the Supreme Court's holding in Brown changes the relevant law, thereby relieving this court from the Second Circuit's mandate in this case.  Accordingly, Defendants are hereby directed to file an answer within 20 days of the filing of this Order.  Thereafter, Plaintiffs may file a motion for summary judgment within 45 days of the filing of an answer.  Opposition and reply papers shall be filed in accordance with the Local Rules.

    IT IS SO ORDERED.

DATED:    March 23, 2010
               Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge